Craig A. Crispin, OSB No. 824852
crispin@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAW PC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770
Fax:  503-293-5766
        Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
(Eugene Division)

| | |
|---|---|
| **MONICA B. WILLIAMS,** an individual, | Case No. |
| Plaintiff, | |
| v. | |
| **RAY KLEIN, INC.,** a foreign business corporation, doing business as Professional Credit and Professional Credit Service, and **JUANITA YOUNG-CHAPA,** an individual, | **COMPLAINT** (Medical Leave Interference, Disability Discrimination; Failure to Accommodate; Retaliation) |
| Defendants. | **DEMAND FOR JURY TRIAL** |

### NATURE OF THE ACTION

1.      This is an action for violations of the Americans with Disabilities Act, 42 U.S.C.

§ 12111 through § 12117, and for interference with plaintiff's rights under the Family Medical

Leave Act, 29 U.S.C. § 2615.

2.     This is also an action for interference under Oregon's Family Leave Act, ORS 659A.150 to .186, and for violation of Oregon's whistleblowing statute, ORS 659A.199, and Oregon's statutes prohibiting Discrimination Against Persons with Disabilities, ORS 659A.103 to .145 pursuant to the court's supplemental jurisdiction.

JURISDICTION AND VENUE

3.     This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

4.     The court has jurisdiction over plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5.     The employment practices described herein are alleged to have been committed in the District of Oregon.

PARTIES

6.     Plaintiff **MONICA B. WILLIAMS** is a resident and citizen of the state of Oregon, who was at material times employed by RAY KLEIN, INC., as a Special Assets Collector.

7.     Defendant **RAY KLEIN, INC.,**  is foreign business corporation. At all material times, defendant RAY KLEIN employed 50 or more employees for each working day during

Page 2 – **COMPLAINT**

each of 20 or more calendar workweeks in the current or preceding calendar year and was and is an "employer" for purposes of the claims set forth in this complaint.

8.      Defendant **JUANITA YOUNG-CHAPA** is an individual employed by defendant RAY KLEIN in the capacity of Collections Manager and plaintiff's supervisor.

### PROCEDURAL REQUIREMENTS

9.      Plaintiff timely filed an administrative complaint with the Oregon Bureau of Labor and Industries, Civil Rights Division, and with the Equal Employment Opportunity Commission.

10.      Plaintiff has timely satisfied all administrative prerequisites, if any, to the filing of the statutory claims set forth in this complaint.

### GENERAL ALLEGATIONS

11.      Defendant Ray Klein hired plaintiff in November 2011. She worked as a Special Assets Collector in Springfield, Oregon. During plaintiff's employment, she received several awards for performance and was the highest compensated collector within the company due to her skill and expertise in the position.

12.      In 2015, plaintiff suffered an injury that required surgery. Defendant's managing agents threatened plaintiff with the loss of previously earned commissions and told her she was "replaceable" if she did not return to work immediately following surgery.

13.      Due to such threats, plaintiff  returned to work with virtually no recovery time just three days post surgery.

14.      Plaintiff's symptoms from the injury and surgery continued, and plaintiff requested reasonable accommodation in the form of leave. She sought and was approved for

**CRISPIN EMPLOYMENT LAW PC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

protected intermittent medical leave.

15.    In December 2016, as a result of severe pain, plaintiff contacted a supervisor and informed him she needed an accommodation to leave work due to her pain symptoms. In response, this supervisor yelled at plaintiff and stated, "then I'm taking your commission." On other occasions, the supervisor made derisive comments about plaintiff's use of leave time. Due to such comments and threats of being "replaceable," plaintiff did not attend needed physical therapy sessions or take time off when her symptoms worsened.

16.    In April 2017, plaintiff's husband suffered a severe health event and received a serious diagnosis of an ongoing medical condition that involved inpatient care in a hospital and continuing treatment by a health care provider. Plaintiff was required to attend to her husband while he was hospitalized and also attend to her three children during this serious health event.

17.    Plaintiff immediately reported the situation to defendants by phone and applied for protected medical leave for the serious health condition of her husband.

18.    Although defendant Ray Klein company provided medical leave paperwork, plaintiff's supervisor, defendant Juanita Young-Chapa, Collections Manager, made derisive comments about plaintiff's medical leave, informed her she needed to be at work, and increased plaintiff's quota.

19.    Fearing loss of her job due to such comments, plaintiff sought out Vice President Dave Cary to express her concern over the potential loss of her job and told Cary she had observed that employees who took medical leave historically did lose their jobs just a couple months later.

20.    Mr. Cary informed plaintiff that her commissions for work previously done were

CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

subject to forfeiture because she was missing too much work. Plaintiff did not miss work for reasons other than protected medical leave.

21.     The following month, in May 2017, plaintiff's supervisor announced that plaintiff would forfeit $1,700 in commissions because of the time plaintiff missed from work taking medical leave.

22.     Plaintiff protested that proposed action, explaining that docking her pay due to my medical leave was unlawful. She informed defendants that she had secured legal advice about her medical leave rights and that if her commissions were in fact reduced she take appropriate legal action. Defendants backed down and did not forfeit plaintiff's previously earned commissions.

23.     After plaintiff's protest of adverse action resulting from her protected medical leave, defendants began imposing increased and excessive observation and criticism for minor details that had not before been identified as a problem for plaintiff or for other collectors.

24.     In September 2017, Young-Chapa brought up a garnishment error, which is not an uncommon error and was primarily caused by the failure of defendant Ray Klein's legal department to identify the issue. Such errors are commonly identified by legal and merely sent back to the collectors to fix.

25.     In the same meeting in September 2017, Young-Chapa began discussing the specific medical issues affecting plaintiff's husband, characterizing the condition as a "life-time thing." Plaintiff advised she had an appointment for him the next day, to which Young-Chapa retorted, "Your husband needs to know you have a full-time job."

26.     Consistent with plaintiff's observations of other former employees whose

CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

employment terminated within a few weeks of making use of protected medical leave, on September 29, 2017, plaintiff was summoned into a meeting with Young-Chapa, COO David Mort, and HR Manager Karla Torres and terminated for the garnishment error.

27.    Similar mistakes, and even significantly more serious mistakes, including things such as issuing garnishments in violation of a bankruptcy stay and actions generating lawsuits against the company, did not result in termination for those employees not making use of protected medical leave.

28.    Defendants' excuse for terminating plaintiff's employment was a pretext for unlawful discrimination and retaliation.

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

(Medical Leave Interference)

### Count One: Family Medical Leave Act, 29 U.S.C. § 2615

29.    Plaintiff incorporates paragraphs 1 through 28 as though fully set forth herein.

30.    Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611(2)(a).

31.    Defendant Klein Inc. was and is an employer as defined by 29 U.S.C. § 2611(4)(a).

32.    Defendant Young-Chapa acted, directly or indirectly, in the interest of Klein, Inc. to Klein, Inc. employees and is an employer as defined by 29 U.S.C. § 2611(4)(a)(ii)(I).

33.    Plaintiff had a serious health condition in that she had an injury or physical condition that involved inpatient care in a hospital and continuing treatment by a health care provider.

34.    Plaintiff's spouse had a serious health condition in that he had an illness,

CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

impairment, or physical or mental condition that involved inpatient care in a hospital and continuing treatment by a health care provider.

35.    Plaintiff claimed the benefits of protected medical leave for her own serious health condition and for the serious health condition of her husband.

36.    In response to plaintiff's claim to protected medical leave, defendants discriminated against plaintiff in the terms and conditions of her employment and in terminating her employment in violation of 29 U.S.C. § 2615(a).

37.    Defendants acted wilfully and without reasonable grounds to believe that their acts were not a violation of 29 U.S.C. § 2615.

38.    Plaintiff is entitled to an order declaring defendant Ray Klein in violation of plaintiff's statutory rights as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause defendant to stop its violations of law and disregard of the rights of persons protected by state and federal law.

39.    As a result of defendants' actions alleged herein, plaintiff has suffered lost wages and benefits of employment, and should recover for such damages, in an amount to be decided by a jury based on the evidence presented at trial.

40.    Reinstatement is not feasible, and plaintiff is entitled to recover from defendants future lost wages and benefits of employment in an amount to be determined at trial.

41.    Plaintiff is also entitled to the interest on the amount awarded in the preceding paragraph calculated at the prevailing rate and an additional amount as liquidated damages equal to the sum of the amount awarded in the preceding paragraph plus interest.

42.    Plaintiff is entitled to recover her reasonable attorney's fees, reasonable expert

CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

witness fees, and other costs of the action to be paid by the defendant pursuant to 29 U.S.C. § 2617

## COUNT TWO: 659A.150 to .186

43.     Plaintiff incorporates paragraphs 1 through 28, 33 through 35, and 38 through 40 as though fully set forth herein.

44.     Plaintiff was an eligible employee as defined by ORS 659A.150(2) and not excluded from eligibility by ORS 659A.156.

45.     Defendant Klein Inc. was and is a covered employer as defined by ORS 659A.153(1).

46.     Defendant Young-Chapa acted to help, assist, or facilitate the commission of the unlawful employment practice alleged herein, promoted the accomplishment thereof, helped in advancing or bringing them about, or encouraging, counseling or inciting as to their commission and is therefore individually liable under plaintiff's state statutory claims for relief as aider and abettor pursuant to ORS 659A.030(1)(g).

47.     In response to plaintiff's claim to protected medical leave, defendants discriminated and retaliated against plaintiff in the terms and conditions of her employment and in terminating her employment in violation of ORS 659A.183(2).

48.     Plaintiff is entitled to recover her reasonable attorney's fees, reasonable expert witness fees, and other costs of the action to be paid by the defendant pursuant to ORS 659A.885.

## SECOND CLAIM FOR RELIEF

### (Disability Discrimination)

**CRISPIN EMPLOYMENT LAW PC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

**Count One: Against Defendant RAY KLEIN, INC.**

**Disability Discrimination – Americans with Disabilities Act, 42 U.S.C. § 12112**

49.     Plaintiff incorporates paragraphs 1 through 28, 38, 39, and 40 as though fully set forth herein.

50.     At material times, plaintiff was a qualified individual with a disability in that she suffered one or more physical or mental impairments that substantially affected one or more major life activities, including sitting, standing, and walking.

51.     Plaintiff's impairments substantially affect one or more major bodily functions, including her musculoskeletal system.

52.     Plaintiff at material times was a qualified individual with a disability due to her record of impairment.

53.     Defendants regarded plaintiff as a disabled person in that they acted against her based on her impairment or on an impairment defendants believed plaintiff possessed.

54.     Defendant Ray Klein and its agents discriminated against plaintiff in the terms and conditions of her employment and in terminating her employment in substantial motivating part due to plaintiff's actual disability, her record of a disability, or because it regarded her as a disabled person.

55.     Plaintiff's husband is a disabled person in that he has a physical or mental impairment that substantially affects one or more major life activities, including thinking and concentrating, communicating, and interacting with others, and his impairments substantially affect one or more major bodily functions, including his brain and neurological systems.

56.     Defendant Ray Klein and its agents discriminated against plaintiff in the terms

CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

and conditions of her employment and in terminating her employment due to her association

with a person with a disability, *i.e.,* her husband.

57.     Defendant Ray Klein's conduct as described herein is in violation of 42 U.S.C. §

12112.

58.     As a further result of defendant Ray Klein's intentional acts alleged herein,

plaintiff has suffered severe emotional distress and other noneconomic losses and loss of

enjoyment of life for which she should recover such amount as may be awarded by a jury.

59.     Defendant's acts were done intentionally with a discriminatory motive and with

malice or ill will or with knowledge that its actions violated federal or state law or with reckless

disregard or callous indifference to the risk that its actions violated federal or state law.

Defendant should be assessed punitive damages in an amount found appropriate by a jury to

punish defendant and to deter defendant and others from similar conduct in the future.

60.     Plaintiff is entitled to an award of attorney fees, expert witness fees and costs

incurred herein, pursuant to 42 U.S.C. § 1988.

## Count Two: Against All Defendants

## Disability Discrimination – ORS 659A.112

61.     Plaintiff incorporates paragraphs 1 through 28, 38 through 40, 46, 48, 50 through

56, 58, and 59 as though fully set forth herein.

62.     Defendants' conduct as described herein is in violation of ORS 659A.112.

## Count Three Against Defendant Ray Klein

## Failure to Accommodate – Americans with Disabilities Act, 42 U.S.C. § 12112(5)(a)

63.     Plaintiff incorporates paragraphs 1 through 28, 38, 39, 40, 50 through 56, and 58

**CRISPIN EMPLOYMENT LAW PC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

through 60 as though fully set forth herein.

64.     Plaintiff requested reasonable accommodation for the effects of her impairments and actual disabilities in the form of leave.

65.     Defendant Ray Klein's agents' hostile and discriminatory reactions to plaintiff's leave requests caused her to forego necessary treatment and constituted a failure and refusal to provide reasonable accommodation as required by law.

66.     Defendant failed and refused to engage in a good faith interactive process with plaintiff to determine what accommodations were appropriate under plaintiff's circumstances.

67.     Defendant's failure and refusal to provide reasonable accommodations as required by plaintiff was in violation of 42 U.S.C. §12112(5)(a).

### Count Four: Against All Defendants

### Failure to Accommodate – ORS 659A.112, .118

68.     Plaintiff incorporates paragraphs 1 through 28, 38, 39, 40, 50 through 56, 58, 59, and 64 through 66 as though fully set forth herein.

69.     Defendant's failure and refusal to provide reasonable accommodations as required by plaintiff was in violation of ORS 659A.112 and ORS 659A.118.

70.     Defendant's failure and refusal to enter into an interactive process in response to plaintiff's  requests for accommodation were in violation of ORS 659A.112 and ORS 659A.118.

### THIRD CLAIM FOR RELIEF Against All Defendants

### (Whistleblowing Discrimination – ORS 659A.199)

71.     Plaintiff incorporates paragraphs 1 through 28, 38, 39, 40, 46, 48, 58, and 59 as

CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

though fully set forth herein.

72.     Plaintiff's complaints, opposition, and resistance to defendants' violations of law as alleged herein were complaints that plaintiff believed constituted evidence of a violation of a state or federal law, rule or regulation.

73.     Defendants retaliated against plaintiff in the terms and conditions of her employment and in terminating her employment due to such complaints in violation of ORS 659A.199.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the Court to:

1.     Declare defendants in violation of the statutes set forth in plaintiff's claims for relief;

2.     Order defendants to make plaintiff whole by providing compensation for non-economic losses in amount as are awarded by the court or a jury;

3.     Order defendants to make plaintiff whole by compensating her for her past and future economic damages;

4.     Assess punitive damages against defendants in such amounts as are found appropriate by a jury to punish such defendants and deter them and others from similar conduct in the future;

5.     Award plaintiff her costs of suit and reasonable attorney fees, costs, and expert witness fees;

6.     Order defendants to pay prejudgment interest and post-judgment interest on all amounts due to plaintiff as a result of this action, with interest at the prevailing rate; and

CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

7.      Order such further or alternative relief in favor of plaintiff as the court deems

appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and

fact raised by this complaint.

DATED May 21, 2018.


CRISPIN EMPLOYMENT LAW PC

By:     _s/ Craig A. Crispin_____
        Craig A. Crispin OSB No. 824852
        Ashley A. Marton OSB No. 171584
        Of Attorneys for Plaintiff

CRISPIN EMPLOYMENT LAW PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770